UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE ALFREDO BELTRAN ORELLANA,<br><br>    Petitioner,<br><br>v.<br><br>BRIAN HENKEY, Field Office Director of Enforcement and Removal Operations, Salt Lake City Immigration and Customs Enforcement Field Office; KENNETH PORTER, Director of the Boise Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>    Respondents. | Case No. 1-26-cv-00013-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

    Pending before the Court is Petitioner Jose Alfredo Beltran Orellana's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1) and his Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court grants the Petition and denies the motion as moot.

        **I.    INTRODUCTION**

    This case is one of many cases in this District brought by noncitizens without legal status, challenging the lawfulness of the Government's new policy mandating detention during the

pendency of removal proceedings. In this District, the Honorable B. Lynn Winmill initially addressed this new policy in *Elias v. Knight*, No. 1:25-cv-00594-BLW, 2025 WL 3228262 (D. Idaho Nov. 19, 2025), and several other cases.[1] As Judge Winmill explained in those cases, the Supreme Court has recognized two distinct statutory schemes for detaining noncitizens. *Id.* at *1.

Section 1225 of Title 8 of the United States Code governs the detention of noncitizens seeking admission into the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." With limited exceptions, detention under § 1225(b)(2) is mandatory and individuals detained under § 1225(b)(2) are not entitled to a bond hearing. While § 1225(b)(2) authorizes the Government to detain certain aliens *seeking admission into the country*, § 1226(a) "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). In other words, § 1226(a) sets out the "default rule" for noncitizens already present in the country, unless they are subject to §§ 1226(c) or 1231. *Jennings*, 583 U.S. at 288–89, 298.

---

[1] The Court's decision in *Elias v. Knight*, No. 1:25-cv-00594-BLW, 2025 WL 3228262 (D. Idaho Nov. 19, 2025), is one of numerous decisions issued by the Honorable B. Lynn Winmill on November 19, 2025, which address the Government's new detention policy. These decisions are "substantially identical." *Elias*, 2025 WL 3228262, at *2 n.3. This Court finds the decisions in those cases persuasive in resolving this case. For brevity, however, this Court cites only to *Elias*.

Despite this authority, the Board of Immigration Appeals decided in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025), that noncitizens who are present in the United States without admission are subject to § 1225(b)(2) regardless of whether they were already in the country for several years. Since that decision, the Department of Homeland Security (DHS) has been detaining noncitizens, who have resided in the United States for years, under § 1225(b)(2) rather than § 1226(a). As a result, these detainees are subject to mandatory detention without a bond hearing. An "overwhelming majority" of federal courts have held that § 1225(b)(2) does not apply to noncitizens who have been detained after living in the United States for years. *See Elias*, 2025 WL 3228262, at *1 n.1 (collecting cases).

In *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025), this Court agreed with the majority of federal courts ruling that § 1225(b)(2) does not apply to detain aliens who are already in the country and with Judge Winmill's analysis of the issues the Government raised in *Elias*. As in *Elias* and *Guadarrama Ayala,* the issue here is whether § 1225(b)(2) mandates Petitioner's detention without a bond hearing.

## II.   BACKGROUND

Petitioner alleges he is a national of El Salvador who has lived in the United States since his entry without inspection in August 2021 (Dkt. 1 at ¶¶ 1, 18). On December 15, 2025, Immigration and Customs Enforcement (ICE) agents seized Petitioner as he was taking his daughter, of whom he has sole legal and physical custody, to daycare (*id.* at ¶ 1; Dkt. 7-1 at 17-18). Petitioner is currently being detained at the Elmore County Detention Center in Mountain Home, Idaho (Dkt. 1 at ¶ 15). He contends his detention is unlawful because DHS and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory

detention without the possibility of bond under § 1225(b)(2) (*id.* at ¶¶ 2, 5). He also requests a TRO (Dkt. 2).

The Government challenges the Petition and opposes Petitioner's request for a TRO (Dkt. 6). As in other cases, it asserts Petitioner is "properly detained under § 1225(b)(2) as 'an applicant for admission'" (Dkt. 6 at 2). In support, it argues that "the Petition contains factual omissions concerning [Petitioner's] immigration history and legal status," which distinguish this case from the other cases in which the courts have concluded detention under § 1225(b)(2) is improper (*id.*). In support, the Government submits the declaration of a supervisory detention and deportation officer assigned to Petitioner's case (Dkt. 6-1).

Otherwise, the Government rests on its prior briefing in *Guadarrama Ayala* challenging jurisdiction and arguing detention is mandatory (Dkt. 6 at 2). Because the Government's arguments here are identical to those this Court rejected in *Guadarrama Ayala*, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only the Government's argument specific to Petitioner in this case.

### III.   ANALYSIS

Here, the Government contends Petitioner's immigration history subjects Petitioner to mandatory detention (Dkt. 6 at 2). In support, it states that Petitioner "first entered the United States illegally in 2012," "was apprehended by immigration authorities," "was ordered removed," and "was removed[] to El Salvador in November 2019" (*id.*; Dkt. 6-1 at ¶ 17). Based on these facts, the Government asserts Petitioner's "return to the United States, without permission or authority, was a crime" under 8 U.S.C. § 1326 and that ICE encountered and detained Petitioner on December 15, 2025 "for the reinstatement of that prior removal order" (*id.*). It cites without

discussion § 1231(a)(5). It is unclear whether Petitioner is detained under § 1231 or § 1225 (*compare* Dkt. 6 at 2 (explaining ICE detained Petitioner pursuant to § 1231(a)(5)) *with* Dkt. 6 at 3 (arguing Petitioner is subject to mandatory detention under § 1225(b)(2)(A)). Regardless, the Court finds neither statute applies.

Section 1326 provides that it is a crime for any alien who has been removed under a removal order to reenter the United States. The detention and release of noncitizens subject to a final order of removal is governed by § 1231. Section 1231(a)(5) provides for "reinstatement" of a removal order against an alien who illegally reenters the United States. Specifically, it provides that if an alien reenters the United States illegally after having been removed under a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed"; "the alien is not eligible and may not apply for any relief"; and "the alien shall be removed under the prior order at any time after the reentry." § 1231(a)(5). The predicate for § 1231's application is a final order of removal.

The Government does not articulate how Petitioner's prior removal order makes him "an applicant for admission" under § 1225(b)(2) versus an alien already in the country to whom § 1226 applies. *See Jennings*, 583 U.S. at 289 (ruling that § 1226 governs "aliens already in the country"). Rather, the Government only suggests without explanation that Petitioner is subject to mandatory detention based on § 1231(a)(5). Despite this section, however, an "Immigration Court recently vacated the Petitioner's prior removal order, finding that the prior Immigration Judge violated Petitioner's rights to due process in summarily denying his application for relief" (Dkt. 7 at 2). Thus, the prior removal order is void. *See Vacate*, BLACK'S LAW DICTIONARY (11th ed. 2019) (explaining that vacatur has the effect of "mak[ing] void" and rendering something "of no legal effect" anymore).

**MEMORANDUM DECISION AND ORDER – 5**

Petitioner provides a copy of that decision, which is dated January 8, 2026 (Dkt. 7-1 at 4–7). Furthermore, "[a] removal order may not be used as the predicate for a § 1326 prosecution if the proceeding that produced the order 'violated the alien's due process rights and the alien suffered prejudice as a result.'" *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1109 (9th Cir. 2013) (citing *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011)).

Although the Government's briefing does not address the fact that Petitioner's prior removal order has been vacated, it appears to have been aware of this fact when it responded to the Petition. Indeed, the detention and deportation officer assigned to Petitioner's case attests that Petitioner filed a motion to reopen his original removal proceedings; an immigration judge granted that motion, vacated the final order of removal, and placed Petitioner back into active removal proceedings; and the ERO canceled the reinstatement of the prior removal order" (*id.* at ¶¶ 22, 24–25).

Assuming without deciding that § 1231(a)(5) were to provide a basis to detain Petitioner without a bond hearing, that section is no longer applicable to Petitioner because his prior removal order has been vacated. Accordingly, Petitioner's detention is governed by § 1226(a), which applies to the arrest and detention of non-citizens pending a decision on removal—not §§ 1225 or 1231. Therefore, the Court grants Petitioner's petition for habeas corpus relief and orders his immediate release from custody.

## IV.    ORDER

**IT IS ORDERED that:**

1.    Petitioner's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED**.

2.  Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED as MOOT**.

DATED: January 26, 2026

Amanda K. Brailsford
U.S. District Court Judge